JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILBEN GONZALEZ

**DEFENDANTS**
New Werner Holding Co., inc. and Werner Co, a Delaware Corporation  (See Attached Sheet)

**(b)** County of Residence of First Listed Plaintiff  Berks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sacchetta & Baldino
308 East Second Street, Media, PA, 19063
610-891-9212

Attorneys *(If Known)*
Law Offices of Michael J. Dunn, LLC
One S. Broad Street, Suite 1840, Philadelphia, PA, 19107
215-545-3333

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine   Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -   Conditions of   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  4/1/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

DEFENDANTS:

NEW WERNER HOLDING CO., INC.,

WERNER CO., d/b/a, a/k/a, t/a NEW WERNER CO.

HOME DEPOT, INC., d/b/a, a/k/a, t/a THE HOME DEPOT U.S.A., INC. d/b/a, a/k/a, t/a THE
HOME DEPOT

LOWE'S COMPANIES, INC., d/b/a, a/k/a t/a LOWE'S HOME CENTERS, LLC, d/b/a, a/k/a, t/a
LOWE'S HOME CENTERS INC., d/b/a, a/k/a, t/a LOWE'S HOME IMPROVEMENT

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| WILBEN GONZALEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NEW WERNER HOLDING CO., INC, ET AL | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| *4/1/2021* | Michael J. Dunn, Esquire | New Werner Holding Co., Inc. and Werner Co., a Delaware Corporation |
| Date | Attorney-at-law | Attorney for Defendants |
| 215-545-3333 | 856-910-1480 | Michael.Dunn@mjdunnlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Wilben Gonzalez, 1417 Chester Street, Reading, PA, 19601 _____

Address of Defendant: _____ New Werner Holding Co., Inc., 555 Pierce Road, Suite 300, Itasca, IL 60143 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/1/2021_     _____ *Must sign here*     44893

   *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.     Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.     Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☑ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     _____ *Sign here if applicable*     _____

   *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

WILBEN GONZALEZ           :
                                          :
              Plaintiff          :
                                            :
v.                                      :
                                          :          NO.
NEW WERNER HOLDING CO., INC.,  :
WERNER CO., d/b/a, a/k/a, t/a NEW  :
WERNER CO.; HOME DEPOT, INC.,  :
d/b/a, a/k/a, t/a THE HOME DEPOT U.S.A.,:
INC. d/b/a, a/k/a, t/a THE HOME DEPOT;  :
LOWE'S COMPANIES, INC., d/b/a, a/k/a  :
t/a LOWE'S HOME CENTERS, LLC,  :
d/b/a, a/k/a, t/a LOWE'S HOME CENTERS :
INC., d/b/a, a/k/a, t/a LOWE'S HOME  :
IMPROVEMENT                  :
                                          :
             Defendants      :

---

**DEFENDANTS NEW WERNER HOLDING CO., INC. AND WERNER CO.'S
PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §1332 AND U.S.C.§1441**

Defendants, New Werner Holding Co., Inc. and Werner Co., by and through their attorneys,

Law Offices of Michael J. Dunn, LLC, hereby petition to remove the above-captioned action, which

is presently pending in the Philadelphia County Court of Common Pleas, Docket No. 2012 01792,

pursuant to 28 U.S.C. §1332, §1441 and §1446. The grounds for removal are as follows:

I.     **NATURE OF ACTION**

     1.     This is a product liability action arising out of plaintiff's fall, from a ladder, on

October 28, 2019. In his Complaint, plaintiff alleges that he climbed the ladder, an extension ladder,

and "was beginning to descend back down the ladder, when the top portion of the ladder slid down,

retracted and/or telescoped", causing plaintiff to fall to the ground and sustain various injuries as a

result.  See plaintiff's Complaint, a true and correct copy of which is attached hereto as Exhibit "A", at ¶ 11, 12, 13, 14.

2.      Plaintiff Wilben Gonzalez is a resident of Pennsylvania, with an address of 1417 Chester Street, Reading, PA, 19601. Id. at ¶1.

3.      Defendant New Werner Holding Co., Inc. is a Delaware corporation with a principal place of business located at 555 Pierce Road, Itasca, IL, 60143.

4.      Defendant Werner Co. is a Delaware corporation with a principal place of business located at 555 Pierce Road, Itasca, IL, 60143.

5.      Upon information and belief, defendant Home Depot is a Delaware corporation with a principal place of business located at 2455 Paces Ferry Road, NW, Atlanta, GA, 30339.

6.      Upon information and belief, defendant Lowe's Companies, Inc. is a North Carolina corporation with a principal place of business located at 1000 Lowe's Boulevard, Mooresville, NC, 28117.

7.      Pursuant to Pennsylvania pleading rules, plaintiff has asserted that the alleged damages arising out of the accident are in excess of $50,000.00, the jurisdictional limits of a Board of Arbitrators.  See Exhibit "A".

## II.   **PROCEDURAL HISTORY**

8.      On or about December 30, 2020 plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas.  See Exhibit "A".

9.      On or about January 29, 2021, plaintiff filed a Praecipe to Reinstate the Complaint.

10.     On or about February 26, 2021, plaintiff filed another Praecipe to Reinstate the Complaint.

11.     Plaintiff's Complaint was ostensibly served on defendants, New Werner Holding Co., Inc. and Werner Co., on March 5, 2021.

12.     Pursuant to 28 U.S.C. §1446(b)(2)(B), defendants shall have thirty (30) days after service of the Complaint to file a Notice of Removal.

13.     This Notice of Removal, and related papers, has been filed within thirty (30) days of the date of the ostensible service of plaintiff's Complaint on defendants, and is therefore timely under §1446(b).

## III.    LEGAL ARGUMENT

### A.    THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

14.     Pursuant to 28 U.S.C. §1332, a matter may be removed to federal court based upon the diversity of citizenship of the parties.

15.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

16.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c).

17.     Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, i.e. that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

18.     Plaintiff is a resident of Pennsylvania.

19.     Defendants New Werner Holding Co., Inc. and Werner Co., are both Delaware corporations with a principal place of business located at 555 Pierce Road, Itasca, IL 60143.

20.    Defendant, The Home Depot, Inc., is a citizen of the State of Georgia, with a principal place of business located at 2455 Paces Ferry Road, NW, Atlanta, GA 30339.

21.    Defendant, Lowe's Companies, Inc. is a citizen of the State of North Carolina, with a principal place of business located at 1000 Lowe's Boulevard, Mooresville, NC 28117.

22.    As a result, there is complete diversity of citizenship between plaintiff (Pennsylvania) and the defendants.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

23.    Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

24.    The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

25.    "The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977) [emphasis added].

26.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value plaintiff's losses at an amount above the jurisdictional minimum. Id.; See Also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

27.     In this case, plaintiff alleges to have suffered various physical injuries, including, but not limited to, contusions of the head and lumbar and thoracic spine, concussion and post-concussion syndrome, post-traumatic headaches, left comminuted displaced fracture of lateral malleolus and intra-articular fracture of posterior malleolus with mild impaction and displacement, left distal fibular and tibial fractures requiring open reduction internal fixation of the distal fibula with a side plate and screws, right hand laceration requiring stitches, strain of the muscles and tendons of the left and right rotator cuff, scarring, disfigurement, and injuries to the nerves and nervous system. Id. at ¶19.

28.     While defendants dispute plaintiff's allegations, considering the damages claimed by plaintiff, if taken to be true, a reasonable jury could value plaintiff's losses at an amount in excess of the $75,000 amount in controversy minimum.

## IV.     CONCLUSION

29.     Therefore, with both the existence of diversity of citizenship between the parties and the amount in controversy threshold having been satisfied, removal is proper under 28 U.S.C. §1332 and §1441.

30.     All defendants consent to the removal of this action from the state court in which it is now pending.

WHEREFORE, defendants, New Werner Holding Co., Inc. and Werner Co., respectfully request that this Honorable Court assume full jurisdiction over this matter.

Respectfully submitted,

LAW OFFICES OF MICHAEL J. DUNN, LLC

Dated: 3/31/2021

BY: _____
MICHAEL J. DUNN, ESQUIRE
One South Broad Street, Suite 1840
Philadelphia, PA 19107
(215) 545-3333
Email: Michael.Dunn@mjdunnlaw.com
Attorney for Defendants, New Werner Holding
Co., Inc. and Werner Co.

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **DECEMBER 2020**     **001792** |
| E-Filing Number: 2012048981 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| WILBEN GONZALEZ | NEW WERNER HOLDING CO., INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1417 CHESTER STREET <br> READING PA 19601 | 93 WERNER ROAD <br> GREENVILLE PA 16125 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | WERNER CO., ALIAS: NEW WERNER CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 93 WERNER ROAD <br> GREENVILLE PA 16125 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | HOME DEPOT, INC., ALIAS: THE HOME DEPOT |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1651 S. CHRISTOPHER COLUMBUS BOULEVARD <br> PHILADELPHIA PA 19148 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal <br> ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less <br> ☒ More than $50,000.00 | ☐ Arbitration <br> ☒ Jury <br> ☐ Non-Jury <br> ☐ Other: | ☐ Mass Tort <br> ☐ Savings Action <br> ☐ Petition | ☐ Commerce <br> ☐ Minor Court Appeal <br> ☐ Statutory Appeals | ☐ Settlement <br> ☐ Minors <br> ☐ W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED** <br> **PRO PROTHY** <br><br> DEC **30** 2020 <br><br> **A. SILIGRINI** | IS CASE SUBJECT TO COORDINATION ORDER? <br> YES     NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>WILBEN GONZALEZ</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GERALD B. BALDINO | 308 E. SECOND STREET <br> MEDIA PA 19063 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)891-9212 | (610)891-7190 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 55624 | jerry@sbattorney.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *GERALD BALDINO* | Wednesday, December 30, 2020, 01:40 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. NEW WERNER HOLDING CO., INC.
   93 WERNER ROAD
   GREENVILLE PA 16125
2. WERNER CO.
   ALIAS: NEW WERNER CO.
   93 WERNER ROAD
   GREENVILLE PA 16125
3. HOME DEPOT, INC.
   ALIAS: THE HOME DEPOT
   1651 S. CHRISTOPHER COLUMBUS BOULEVARD
   PHILADELPHIA PA 19148
4. LOWE'S COMPANIES, INC.
   ALIAS: LOWE'S HOME IMPROVEMENT
   1500 NORTH 50TH STREET
   PHILADELPHIA PA 19131

| | |
|---|---|
| WILBEN GONZALEZ<br>1417 Chester Street<br>Reading, PA 19601 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>Civil Action – Trial Division |
| Plaintiff | |
| v. | |
| NEW WERNER HOLDING CO., INC.,<br>93 Werner Road<br>Greenville, PA 16125<br>And<br>WERNER CO., d/b/a, a/k/a, t/a<br>NEW WERNER CO.<br>93 Werner Road<br>Greenville, PA 16125<br>And<br>HOME DEPOT, INC., d/b/a, a/k/a, t/a<br>THE HOME DEPOT U.S.A., INC. d/b/a,<br>a/k/a, t/a THE HOME DEPOT<br>1651 S. Christopher Columbus Boulevard<br>Philadelphia, PA 19148<br>And<br>LOWE'S COMPANIES, INC., d/b/a, a/k/a<br>t/a LOWE'S HOME CENTERS, LLC,<br>d/b/a, a/k/a, t/a LOWE'S HOME CENTERS<br>INC., d/b/a, a/k/a, t/a LOWE'S HOME<br>IMPROVEMENT<br>1500 N. 50th Street<br>Philadelphia, PA 19131 | No.<br><br>JURY TRIAL DEMANDED |
| Defendants | |

Filed and Attested by the
Office of Judicial Records
01 DEC 2020 01:40 pm
A. SILIGRINI

## **NOTICE TO DEFEND**

# NOTICE TO DEFEND

### "NOTICE"

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP." THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE FOR NO FEE.

> Philadelphia Bar Association
> Lawyer Referral
> and Information Service
> One Reading Center
> Philadelphia, PA 19107
> (215) 238-6333
> TTY (215) 451-6197

### "AVISO"

"Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN AGOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL." ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS JURÍDICOS A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO PARA NINGÚN HONORARIO.

> Asociacion de Licenciados
> de Filadelfia
> Servicio de Referencia e
> Informacion Legal
> One Reading Center
> Philadelphia, PA 19107
> (215) 238-6333 TTY (215) 451-6197

SACCHETTA & BALDINO
BY: GERALD B. BALDINO, JR., ESQUIRE
I.D. No.  55624
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter, jury*
*trial is demanded.*

Office of Judicial Records
30 DEC 2020 01:40 pm
A. SILIGRINI

Attorney for Plaintiff

| | | |
|---|---|---|
| WILBEN GONZALEZ<br>1417 Chester Street<br>Reading, PA 19601 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| Plaintiff | : | Civil Action – Trial Division |
| | : | |
| v. | : | |
| | : | |
| NEW WERNER HOLDING CO., INC.,<br>93 Werner Road<br>Greenville, PA 16125<br>And<br>WERNER CO., d/b/a, a/k/a, t/a<br>NEW WERNER CO.<br>93 Werner Road<br>Greenville, PA 16125<br>And<br>HOME DEPOT, INC., d/b/a, a/k/a, t/a<br>THE HOME DEPOT U.S.A., INC. d/b/a,<br>a/k/a, t/a THE HOME DEPOT<br>1651 S. Christopher Columbus Boulevard<br>Philadelphia, PA 19148<br>And<br>LOWE'S COMPANIES, INC., d/b/a, a/k/a<br>t/a LOWE'S HOME CENTERS, LLC,<br>d/b/a, a/k/a, t/a LOWE'S HOME CENTERS<br>INC., d/b/a, a/k/a, t/a LOWE'S HOME<br>IMPROVEMENT<br>1500 N. 50th Street<br>Philadelphia, PA 19131 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No.<br><br>JURY TRIAL DEMANDED |
| Defendants | : | |

## COMPLAINT

## COMPLAINT – CIVIL ACTION

AND NOW, comes the plaintiff, by and through his undersigned counsel, and alleges as follows:

1.     Plaintiff, Wilben Gonzalez, is an adult individual residing at 1417 Chester Street, Reading, PA 19601.

2.     Defendant, New Werner Holding Co., Inc. ("New Werner Holding") 93 Werner Road, Greenville, PA 16125 is upon information and belief a corporation organized and existing under the laws of the State of Delaware. Defendant New Werner Holding is registered to do business in Pennsylvania and/or has a registered agent for service in Pennsylvania.

3.     Defendant, Werner Co., d/b/a, a/k/a, t/a, New Werner Co. ("Werner"), 93 Werner Road, Greenville, PA 16125 is upon information and belief a corporation organized and existing under the laws of the State of Delaware. Defendant Werner is registered to do business in Pennsylvania and/or has a registered agent for service in Pennsylvania.

4.     Defendant, Home Depot, Inc., d/b/a, a/k/a, t/a The Home Depot U.S.A., Inc. d/b/a, a/k/a, t/a The Home Depot, ("Home Depot") 1651 S. Christopher Columbus Boulevard, Philadelphia, PA 19148 is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and/or is registered to do business in the Commonwealth of Pennsylvania and/or has a registered agent for service in the Commonwealth of Pennsylvania.  Further, Home Depot regularly conducts business in Pennsylvania and in the City and County of Philadelphia, for example in its stores and/or distribution centers in Philadelphia, including but not limited to 1651 S. Christopher Columbus Boulevard, Philadelphia, PA 19148, 2200 W Oregon Ave, Philadelphia, PA 19145, and 2539 Castor Ave, Philadelphia, PA 19134.

5.      Defendant, Lowe's Companies, Inc., d/b/a, a/k/a, t/a Lowe's Home Centers, LLC, d/b/a, a/k/a, t/a Lowe's Home Centers, Inc., a/k/a, t/a Lowe's Home Improvement ("Lowe's"), 1500 N. 50th St., Philadelphia, PA 19131, is, upon information and belief, a corporation organized and existing under the laws of the State of North Carolina and/or is registered to do business in the Commonwealth of Pennsylvania and/or has a registered agent for service in the Commonwealth of Pennsylvania. Further, Lowe's regularly conducts business in Pennsylvania and specifically in the City and County of Philadelphia, for example in its stores and/or distribution centers in Philadelphia, including but not limited to 1500 N. 50th St., Philadelphia, PA 19131, 2106 S Christopher Columbus Boulevard, Philadelphia, PA 19148, 3800 Aramingo Avenue, Philadelphia, PA 19137, and 9701 Roosevelt Blvd, Philadelphia, PA 19114.

6.      Prior to October 28, 2019, New Werner Holding and/or Werner designed, manufactured, assembled, and/or distributed the subject ladder, a 32-foot aluminum extension ladder ("Ladder").

7.      New Werner Holding and/or Werner sold the Ladder to Home Depot. The transaction between New Werner Holding and/or Werner and Home Depot took place in Pennsylvania.

8.      In the alternative, New Werner Holding and/or Werner sold the Ladder to Lowe's. The transaction between New Werner Holding and/or Werner and Lowe's took place in Pennsylvania.

9.      Prior to October 28, 2019, Home Depot sold the subject Ladder to Plaintiff in Pennsylvania.

10.     Alternatively, prior to October 28, 2019, Lowe's sold the subject Ladder to Plaintiff in Pennsylvania.

11.     On or about October 28, 2019, Plaintiff ascended the subject Ladder to reach a roof at a job site.

12.     While the Ladder was extended and leaning against the roof, Plaintiff began to descend back down the Ladder at which point the top portion of the Ladder slid down, retracted, and/or telescoped.

13.     As a result of the sliding/retracting/telescoping, Plaintiff fell to the ground, suffering serious injuries, as more fully set forth below.

14.     The accident was caused by the negligence of the Defendants and each of them, and Plaintiff brings this action to recover against them jointly and severally.

**COUNT I – NEGLIGENCE**

**Wilben Gonzalez v. All Defendants**

15.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

16.     The incident and resulting injuries were caused by the negligence of Defendants, acting by and through their agents, servants, workmen and employees.

17.     Such negligence and carelessness consisted of the following:

(a)     failing to design and/or utilize proper designs or procedures for the manufacture, assembly, and sale of the Ladder;

(b)     designing or utilizing defective designs and/or procedures for the manufacture, assembly, and sale of the Ladder;

(c)     designing, manufacturing, assembling, and/or selling, the Ladder and/or its component parts which they knew or should have known, was in a defective condition;

(d)     ignoring evidence and facts about the dangers of the Ladder when used in a reasonably foreseeable manner;

(e)     allowing the Ladder to be sold in a defective condition;

(f)     failing to properly equip the Ladder with appropriate safety devices to permit it to be used safely;

(g)     failing to offer devices or products so as to make the Ladder safe for use;

(h)     failing to investigate the dangers associated with the Ladder and its use;

(i)     failing to adequately inform or warn purchasers or ultimate users of the Ladder as to the proper procedures for maintaining the ladder;

(j)     failing to adequately inform or warn purchasers or ultimate users of the Ladder as to the proper procedures for inspecting, maintaining, repairing, and operating the Ladder;

(k)     failing to warn the user of the Ladder of its inherent design defects;

(l)      failing to warn about the hazards and dangers associated with the Ladder;

(m)     failing to properly manufacture the Ladder;

(n)     placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation;

(o)     placing its product in the stream of commerce when they knew the product as designed posed a risk that outweighed the utility of the product;

(p)     failing to inspect the Ladder prior to sale, rental or lease;

(q)     failing to properly manufacture, design and/or sell the Ladder with appropriate safety features;

(r)     failing to discover the Ladder's defective condition and/or design;

(s)    utilizing defective materials and componentry in the design and manufacture of the Ladder;

(t)    designing, manufacturing, and selling a Ladder that malfunctioned;

(u)    failing to properly test the component parts of the Ladder after its manufacture and prior to sale;

(v)    failing to adhere to sound engineering principles consistent with all data available regarding the parameters of intended use and expected environment in the design, testing and manufacture of the Ladder;

(w)    failing to display on the Ladder in a clearly visible, accessible area and in a durable manner all warnings, cautions, or restrictions for safe operation and maintenance necessary for safe operation of the Ladder, in compliance with local, state and federal standards;

(x)    failing to design, manufacture, and sell the Ladder with all devices reasonable and necessary for the safe operation of the ladder during regular, intended use;

(y)    failing to design, manufacture and sell locking support devices of the Ladder which provided interference with the operation of the ladder, thereby preventing the Ladder to be placed in a fully locked position when it was extended;

(z)    failing to design, manufacture and sell locking support devices to prevent a false lock of the Ladder when it was extended;

(aa)   failing to design, manufacture and sell locking support devices to prevent a failure of the locking mechanism thereby causing the Ladder to slide/slip, retract, and/or telescope while being used; and

(bb)    failing to recall the Ladder and all other similar ladders despite becoming aware of numerous incidents and injuries when the extension ladders slipped/retracted/telescoped prior to and subsequent to 2019.

18.    The injuries and damage to Plaintiff, Wilben Gonzalez, was caused by the negligence of the agents, employees, and/or servants of Defendants.

19.    Solely as a result of the negligence of the Defendants, Plaintiff was caused to suffer various physical injuries, including, but not limited to, contusions of the head and lumbar and thoracic spine, concussion and post-concussion syndrome, post-traumatic headaches, left comminuted displaced fracture of lateral malleolus and intra-articular fracture of posterior Malleolus with mild impaction and displacement, left distal fibular and tibial fractures requiring open reduction internal fixation of the distal fibula with a side plate and screws, right hand laceration requiring stitches, strain of the muscles and tendons of the left and right rotator cuff, scarring, disfigurement, and injuries to the nerves and nervous system.

20.    As a direct result of the aforesaid incident, Plaintiff suffered severe shock to his nervous system, great physical pain and mental anguish, all of which may continue for an indefinite period of time in the future. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

21.    As a direct result of the aforesaid incident, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from doing so in the near future, as his injuries are permanent in nature.

22.    As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

23.     As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

24.     As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

25.     As a result of his injuries, plaintiff has incurred and will in the future incur unreimbursed wage losses.

26.     As a result of his injuries, plaintiff has been forced to expend and may in the future be forced to expend medical expenses.

WHEREFORE, Plaintiff, Wilben Gonzalez, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT II – PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(A), AND PENNSYLVANIA INTERPRETIVE COMMON LAW

### Wilben Gonzalez v. All Defendants

27.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

28.     The injuries and damages suffered by Plaintiff were directly and proximately caused by the defective condition of the Ladder, either by virtue of its defective design, defective manufacture, or Defendants' failure to adequately warn of the dangers of the product, for which defendants are strictly liable to plaintiff.

29.     The defective Ladder involved in the accident described above was defective for its foreseeable use and purpose.

30.     The product failed to function safely under a risk/utility analysis.

Case ID: 201201792

31.    The product was defective in that it did not meet the consumer expectations for safe and proper use.

32.    The injuries and damages suffered by Plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective Ladder involved in the accident, which risks could have been eliminated without in any way diminishing the usefulness or utility of the product.

33.    The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of Defendants placing the product in the stream of commerce when they knew as designed it posed a risk that outweighed the utility of the product, and placing the product in the stream of commerce when they knew it would not operate within the consumer's expectation.

WHEREFORE, Plaintiff, Wilben Gonzalez, demands judgment against Defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT III – BREACH OF WARRANTY

### Wilben Gonzalez v. All Defendants

34.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

35.    At the time that they sold the defective Ladder and/or its component parts, Defendants were in the business of manufacturing and marketing the Ladder and/or its component parts and were, with respect to this Ladder and/or its component parts, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

36.   The injuries and damages sustained by Plaintiff, Wilben Gonzalez, were caused by a breach of the implied warranty of merchantability extended to Plaintiff by Defendants in connection with its sale of the defective Ladder and/or its component parts.

37.   Defendants impliedly warranted that the Ladder gate was of merchantable quality and was fit for the purpose and use for which it was intended.

38.   Plaintiff relied on the manufactured implied warranty of merchantability and fitness when purchasing said product.

39.   By reason of the aforementioned defective condition the Ladder was not of merchantable quality and was not fit for its intended use.

40.   Defendants breached the implied warranty of fitness and/or merchantability with respect to the Ladder by designing, manufacturing and selling it in a condition which was unsuitable for the uses it would ordinarily and foreseeably be put.

WHEREFORE, plaintiff, Wilben Gonzalez, demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.


SACCHETTA & BALDINO

Date:  December 29, 2020            By:   /s/ Gerald Baldino, Jr.
                                          GERALD B. BALDINO, JR., ESQUIRE
                                          Attorney for Plaintiff


Case ID: 201201792

## VERIFICATION

The undersigned verifies that the statements made in the foregoing Complaint are true and correct to the best of his/her knowledge, information and belief, and understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: NOV, 23, 2020

Wilben Gonzalez

## CERTIFICATE OF SERVICE

I, Michael J. Dunn, Esquire, attorney defendants, New Werner Holding Co., Inc. and Werner Co., hereby certifies that on the 1st day of April, 2021, I served a true copy of the foregoing Notice of Removal, by email and regular mail on:

Gerald B. Baldino, Jr., Esquire
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
Attorney for Plaintiff, Wilben Gonzalez

MICHAEL J. DUNN, ESQUIRE