UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILBEN GONZALEZ<br><br>Plaintiff<br><br>v.<br><br>NEW WERNER HOLDING CO., INC., WERNER CO., d/b/a, a/k/a, t/a NEW WERNER CO.; HOME DEPOT, INC., d/b/a, a/k/a, t/a THE HOME DEPOT U.S.A., INC. d/b/a, a/k/a, t/a THE HOME DEPOT; LOWE'S COMPANIES, INC., d/b/a, a/k/a t/a LOWE'S HOME CENTERS, LLC, d/b/a, a/k/a, t/a LOWE'S HOME CENTERS INC., d/b/a, a/k/a, t/a LOWE'S HOME IMPROVEMENT<br><br>Defendants | NO. 5:21-cv-01549-JMG |

## ANSWER OF DEFENDANTS NEW WERNER HOLDING CO., INC. AND WERNER CO. TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, New Werner Holding Co., Inc. and Werner Co., by and through their undersigned attorneys, Law Offices of Michael J. Dunn, LLC, respond in opposition to the Complaint of plaintiff, Wilben Gonzalez, and aver in support thereof as follows:

1. Denied for lack of information. Strict proof in support of this allegation, if deemed relevant, is demanded.

2. Denied as stated. It is admitted only that defendant New Werner Holding Co., Inc. is a Delaware corporation with a principal place of business located in Itasca, Illinois.

3. Denied as stated. It is admitted only that defendant Werner Co., Inc. is a Delaware corporation with a principal place of business located in Itasca, Illinois.

4. The allegations set forth in paragraph 4 of plaintiff's Complaint are directed to a

defendant other than answering defendants herein and therefore require no response. To the extent said averments affect any defense of answering defendants, factual and/or legal, strict proof in support thereof is demanded.

5. The allegations set forth in paragraph 5 of plaintiff's Complaint are directed to a defendant other than answering defendants herein and therefore require no response. To the extent said averments affect any defense of answering defendants, factual and/or legal, strict proof in support thereof is demanded.

6. Denied for lack of information. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegation that they either designed, manufactured, assembled and/or distributed the subject ladder, a 32 foot aluminum extension ladder. Strict proof in support of these allegations is demanded.

7. Denied for lack of information. It is specifically denied that answering defendants sold the subject ladder to Home Depot. Strict proof in support of this allegation is demanded.

8. Denied for lack of information. It is specifically denied that answering defendants sold the subject ladder to Lowe's. Strict proof in support of this allegation is demanded.

9. The allegations set forth in paragraph 9 of plaintiff's Complaint are directed to a defendant other than answering defendants and therefore require no response. To the extent said averments affect any defense of answering defendants, factual and/or legal, strict proof in support thereof is demanded.

10. The allegations set forth in paragraph 10 of plaintiff's Complaint are directed to a defendant other than answering defendants and therefore require no response. To the extent said averments affect any defense of answering defendants, factual and/or legal, strict proof in support thereof is demanded.

11. Denied for lack of information. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments set forth in paragraph 11 of plaintiff's Complaint. Strict proof in support thereof is demanded.

12. Denied for lack of information. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments set forth in paragraph 12 of plaintiff's Complaint. Strict proof in support thereof is demanded.

13. Denied for lack of information. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments set forth in paragraph 13 of plaintiff's Complaint. Strict proof in support thereof is demanded.

14. Denied. The allegations of negligence and causation set forth in paragraph 14 of plaintiff's Complaint are denied as legal conclusions requiring no further response. Strict proof in support thereof is demanded at the time of trial. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of any factual averments set forth in paragraph 14 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

## COUNT I - NEGLIGENCE

### Wilben Gonzalez vs. All Defendants

15. Answering defendants incorporate by reference their responses to paragraphs 1 through 14, above, as fully as though same were set forth at length herein.

16. Denied. Some or all of the allegations contained herein are denied as legal

conclusions requiring no further response. Strict proof in support thereof is demanded. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of any factual averments set forth in paragraph 16 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

17. Denied. The allegations of negligence set forth in paragraph 17 of plaintiff's Complaint, and each and every sub-paragraph therein, are denied as incorrect legal conclusions. Strict proof in support thereof is demanded.

18. Denied. Some or all of the allegations set forth in paragraph 18 of plaintiff's Complaint are denied as legal conclusions requiring no further response. To the extent any of the allegations in this paragraph are deemed factual, they are denied for lack of information and strict proof in support thereof is likewise demanded.

19. Denied. The allegations of negligence and causation set forth in paragraph 19 of plaintiff's Complaint are denied as incorrect legal conclusions. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments set forth in paragraph 19 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

20. Denied. The allegations of negligence and causation set forth in paragraph 20 of plaintiff's Complaint are denied as incorrect legal conclusions. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments set forth in paragraph 20 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

21. Denied. The allegations of negligence and causation set forth in paragraph 21 of plaintiff's Complaint are denied as incorrect legal conclusions. By way of further response, and

after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments set forth in paragraph 21 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

22. Denied. The allegations of negligence and causation set forth in paragraph 22 of plaintiff's Complaint are denied as incorrect legal conclusions. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments set forth in paragraph 22 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

23. Denied. The allegations of negligence and causation set forth in paragraph 23 of plaintiff's Complaint are denied as incorrect legal conclusions. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments set forth in paragraph 23 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

24. Denied. The allegations of negligence and causation set forth in paragraph 24 of plaintiff's Complaint are denied as incorrect legal conclusions. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments set forth in paragraph 24 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

25. Denied. The allegations of negligence and causation set forth in paragraph 25 of plaintiff's Complaint are denied as incorrect legal conclusions. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments set forth in paragraph 25 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

26. Denied. The allegations of negligence and causation set forth in paragraph 26 of plaintiff's Complaint are denied as incorrect legal conclusions. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments set forth in paragraph 26 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

WHEREFORE, answering defendants, New Werner Holding Co., Inc. and Werner Co., demand that plaintiff's Complaint against them be dismissed, and that judgment be entered in their favor on all causes of action asserted.

## COUNT II - PRODUCTS LIABILITY

### Wilben Gonzalez v. All Defendants

27. Answering defendants incorporate by reference their responses to paragraphs 1 through 26, above, as fully as though same were set forth at length herein.

28. Denied. The allegations of defective product and legal causation set forth in paragraph 28 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is demanded. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of any factual averments set forth in paragraph 28 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

29. Denied. The allegations set forth in paragraph 29 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is demanded.

30. Denied. The allegations set forth in paragraph 30 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is

demanded.

31. Denied. The allegations set forth in paragraph 31 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is demanded.

32. Denied. The allegations of product defect and legal causation set forth in paragraph 32 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is demanded. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments set forth in paragraph 32 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

33. Denied. The allegations of product defect and legal causation set forth in paragraph 33 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is demanded. By way of further response, and after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments set forth in paragraph 33 of plaintiff's Complaint. Strict proof in support thereof is likewise demanded.

WHEREFORE, answering defendants, New Werner Holding Co., Inc. and Werner Co., demand that plaintiff's Complaint against them be dismissed, and that judgment be entered in their favor on all causes of action asserted.

## COUNT III - BREACH OF WARRANTY

### Wilben Gonzalez v. All Defendants

34. Answering defendants incorporate by reference their responses to paragraphs 1 through 33, above, as fully as though same were set forth at length herein.

35. Denied. Some or all of the allegations set forth in paragraph 35 of plaintiff's Complaint are denied as legal conclusions requiring no further response. Strict proof in support of all such allegations in this paragraph is demanded.

36. Denied. The allegations of breach of warranty set forth in paragraph 36 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is demanded.

37. Denied. The allegations set forth in paragraph 37 of plaintiff's Complaint are denied as legal conclusions requiring no further response. Strict proof in support thereof is demanded.

38. Denied. The allegations set forth in paragraph 38 of plaintiff's Complaint are denied as legal conclusions requiring no further response. Strict proof in support thereof is demanded. To the extent deemed factual, strict proof in support of these allegations is demanded.

39. Denied. The allegations set forth in paragraph 39 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is demanded.

40. Denied. The allegations set forth in paragraph 40 of plaintiff's Complaint are denied as incorrect legal conclusions requiring no further response. Strict proof in support thereof is demanded.

WHEREFORE, answering defendants, New Werner Holding Co., Inc. and Werner Co., demand that plaintiff's Complaint against them be dismissed, and that judgment be entered in their favor on all causes of action asserted.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against defendant New Werner Holding, Co, Inc., upon which relief can appropriately be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against defendant Werner Co. (DE) upon which relief can appropriately be granted.

## THIRD AFFIRMATIVE DEFENSE

Answering defendants New Werner Holding Co., Inc. and Werner Co. (DE), after preliminary investigation, may not have designed, manufactured, sold, distributed or otherwise placed into the stream of commerce the subject product, and therefore cannot be held liable for any claimed defect in the product, the existence of which is specifically denied.

## FOURTH AFFIRMATIVE DEFENSE

The product in question was not the proximate cause of plaintiff's accident.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or substantially reduced by the doctrine of comparative fault.

## SIXTH AFFIRMATIVE DEFENSE

If any product and/or product component that answering defendants are deemed to have potential liability for caused damage to plaintiff, said allegation being specifically denied, then said product and/or product component was substantially and/or materially altered after it left defendants' control, thereby relieving answering defendants from liability to plaintiff herein.

## SEVENTH AFFIRMATIVE DEFENSE

Any product for which answering defendants are deemed potentially liable, the existence of which liability is specifically denied, was reasonably fit, suitable and safe for its intended purposes at the time it left the control of the manufacturer.

### EIGHTH AFFIRMATIVE DEFENSE

Any dangers associated with the subject ladder and alleged to have been a cause of plaintiff Wilben Gonzalez's accident were known and knowable to plaintiff Wilben Gonzalez, were inherent in the operation of an extension ladder product, and specifically warned against on the Instructions and Warnings contained on the subject product.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff Wilben Gonzalez was comparatively negligent and any claimed damages should be reduced and diminished by his percentage of negligence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff Wilben Gonzalez's damages were caused by third parties over whom answering defendants had no control or right of control.

### ELEVENTH AFFIRMATIVE DEFENSE

Any claimed defect in the subject product, and/or claimed inadequate Warning(s) or Instructions on or accompanying the subject product, the existence of which are denied, was not the proximate cause of plaintiff's accident.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's conduct at the time of his accident constitutes an unreasonable and voluntary exposure to a known risk.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's conduct at the time of his accident was the sole proximate cause of his accident.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's use of the product without securely engaging the ladder locks constitutes a misuse of the product and was the sole proximate cause of the accident.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's use of the product without securely engaging the ladder locks constitutes a misuse of the product and was a superseding cause of the accident.

### SIXTEENTH AFFIRMATIVE DEFENSE

The use of any extension ladder product without securely engaging the ladder locks is unforeseeable, outrageous and/or reckless under the circumstances.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The extension ladder product was not being used as intended at the time of plaintiff's alleged accident.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's use of an extension ladder product, without securely engaging the ladder locks, is an unintended use for which there can be no strict liability recovery.

### NINETEENTH AFFIRMATIVE DEFENSE

There is no liability for unsafe conditions caused by plaintiff's unintended use of the subject product.

### JURY DEMAND

Defendants, New Werner Holding Co., Inc. and Werner Co., demand a trial by jury on all claims.

Dated: 4/9/2021

LAW OFFICES OF MICHAEL J. DUNN, LLC

BY: _____
MICHAEL J. DUNN, ESQUIRE
One South Broad Street, Suite 1840
Philadelphia, PA 19107
(215) 545-3333
Email: Michael.Dunn@MJDunnlaw.com
Attorney for Defendants, New Werner Holding Co., Inc. and Werner Co.

**CERTIFICATE OF SERVICE**

I, Michael J. Dunn, Esquire, attorney for defendants, New Werner Holding Co., Inc. and Werner Co., hereby certifies that I served a true and correct copy of the foregoing Answer to Plaintiff's Complaint on Gerald B. Baldino, Jr., Esquire, SACCHETTA & BALDINO, 308 East Second Street, Media, PA 19063, attorney for plaintiff, Wilben Gonzalez, via electronic mail and United States regular mail on April 9, 2021.

_____
MICHAEL J. DUNN, ESQUIRE

Dated: 4/9/2021