# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

DECEMBER 2020          001792

E-Filing Number: 2012046981

| | |
|---|---|
| PLAINTIFF'S NAME<br>WILBEN GONZALEZ | DEFENDANT'S NAME<br>NEW WERNER HOLDING CO., INC. |
| PLAINTIFF'S ADDRESS<br>1417 CHESTER STREET<br>READING PA 19601 | DEFENDANT'S ADDRESS<br>93 WERNER ROAD<br>GREENVILLE PA 16125 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WERNER CO., ALIAS: NEW WERNER CO. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>93 WERNER ROAD<br>GREENVILLE PA 16125 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>HOME DEPOT, INC., ALIAS: THE HOME DEPOT |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1651 S. CHRISTOPHER COLUMBUS  BOULEVARD<br>PHILADELPHIA PA 19148 |

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>4 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION
- [X] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [X] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [X] Jury
- [ ] Non-Jury
- [ ] Other:

- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition

- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals

- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|

FILED
PRO PROTHY

DEC 30 2020

A. SILIGRINI

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: WILBEN GONZALEZ

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>GERALD B. BALDINO | ADDRESS<br>308 E. SECOND STREET<br>MEDIA PA 19063 |
|---|---|
| PHONE NUMBER<br>(610)891-9212 | FAX NUMBER<br>(610)891-7190 | |
| SUPREME COURT IDENTIFICATION NO.<br>55624 | E-MAIL ADDRESS<br>jerry@sbattorney.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>GERALD BALDINO | DATE SUBMITTED<br>Wednesday, December 30, 2020, 01:40 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. NEW WERNER HOLDING CO., INC.
   93 WERNER ROAD
   GREENVILLE PA 16125
2. WERNER CO.
   ALIAS: NEW WERNER CO.
   93 WERNER ROAD
   GREENVILLE PA 16125
3. HOME DEPOT, INC.
   ALIAS: THE HOME DEPOT
   1651 S. CHRISTOPHER COLUMBUS  BOULEVARD
   PHILADELPHIA PA 19148
4. LOWE'S COMPANIES, INC.
   ALIAS: LOWE'S HOME IMPROVEMENT
   1500 NORTH 50TH STREET
   PHILADELPHIA PA 19131

| | | |
|---|---|---|
| WILBEN GONZALEZ | : | PHILADELPHIA COUNTY |
| 1417 Chester Street | : | COURT OF COMMON PLEAS |
| Reading, PA 19601 | : | Civil Action – Trial Division |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| NEW WERNER HOLDING CO., INC., | : | |
| 93 Werner Road | : | |
| Greenville, PA 16125 | : | |
| And | : | |
| WERNER CO., d/b/a, a/k/a, t/a | : | |
| NEW WERNER CO. | : | |
| 93 Werner Road | : | No. |
| Greenville, PA 16125 | : | |
| And | : | |
| HOME DEPOT, INC., d/b/a, a/k/a, t/a | : | JURY TRIAL DEMANDED |
| THE HOME DEPOT U.S.A., INC. d/b/a, | : | |
| a/k/a, t/a THE HOME DEPOT | : | |
| 1651 S. Christopher Columbus Boulevard | : | |
| Philadelphia, PA 19148 | : | |
| And | : | |
| LOWE'S COMPANIES, INC., d/b/a, a/k/a | : | |
| t/a LOWE'S HOME CENTERS, LLC, | : | |
| d/b/a, a/k/a, t/a LOWE'S HOME CENTERS | : | |
| INC., d/b/a, a/k/a, t/a LOWE'S HOME | : | |
| IMPROVEMENT | : | |
| 1500 N. 50th Street | : | |
| Philadelphia, PA 19131 | : | |
| | : | |
| Defendants | : | |

Filed and Attested by the
Office of Judicial Records
2020 ... pm
... DISTRICT OF ...

## NOTICE TO DEFEND

# NOTICE TO DEFEND

### "NOTICE"

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP." THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE FOR NO FEE.

> Philadelphia Bar Association
> Lawyer Referral
> and Information Service
> One Reading Center
> Philadelphia, PA 19107
> (215) 238-6333
> TTY (215) 451-6197

### "AVISO"

"Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) diás de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN AGOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL." ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS JURÍDICOS A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO PARA NINGÚN HONORARIO.

> Asociacion de Licenciados
> de Filadelfia
> Servicio de Referencia e
> Informacion Legal
> One Reading Center
> Philadelphia, PA 19107
> (215) 238-6333 TTY (215) 451-6197

SACCHETTA & BALDINO
BY: GERALD B. BALDINO, JR., ESQUIRE
I.D. No. 55624
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Action by the*
*trial is demanded.* office of Judicial Records
30 DEC 2020 01:20 pm

Attorney for Plaintiff

| | | |
|---|---|---|
| WILBEN GONZALEZ<br>1417 Chester Street<br>Reading, PA 19601 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| | : | Civil Action – Trial Division |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| NEW WERNER HOLDING CO., INC., | : | |
| 93 Werner Road | : | |
| Greenville, PA 16125 | : | |
| And | : | |
| WERNER CO., d/b/a, a/k/a, t/a | : | |
| NEW WERNER CO. | : | |
| 93 Werner Road | : | |
| Greenville, PA 16125 | : | No. |
| And | : | |
| HOME DEPOT, INC., d/b/a, a/k/a, t/a | : | |
| THE HOME DEPOT U.S.A., INC. d/b/a, | : | JURY TRIAL DEMANDED |
| a/k/a, t/a THE HOME DEPOT | : | |
| 1651 S. Christopher Columbus Boulevard | : | |
| Philadelphia, PA 19148 | : | |
| And | : | |
| LOWE'S COMPANIES, INC., d/b/a, a/k/a | : | |
| t/a LOWE'S HOME CENTERS, LLC, | : | |
| d/b/a, a/k/a, t/a LOWE'S HOME CENTERS | : | |
| INC., d/b/a, a/k/a, t/a LOWE'S HOME | : | |
| IMPROVEMENT | : | |
| 1500 N. 50th Street | : | |
| Philadelphia, PA 19131 | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

## COMPLAINT – CIVIL ACTION

AND NOW, comes the plaintiff, by and through his undersigned counsel, and alleges as follows:

1.     Plaintiff, Wilben Gonzalez, is an adult individual residing at 1417 Chester Street, Reading, PA 19601.

2.     Defendant, New Werner Holding Co., Inc. ("New Werner Holding") 93 Werner Road, Greenville, PA 16125 is upon information and belief a corporation organized and existing under the laws of the State of Delaware. Defendant New Werner Holding is registered to do business in Pennsylvania and/or has a registered agent for service in Pennsylvania.

3.     Defendant, Werner Co., d/b/a, a/k/a, t/a, New Werner Co. ("Werner"), 93 Werner Road, Greenville, PA 16125 is upon information and belief a corporation organized and existing under the laws of the State of Delaware. Defendant Werner is registered to do business in Pennsylvania and/or has a registered agent for service in Pennsylvania.

4.     Defendant, Home Depot, Inc., d/b/a, a/k/a, t/a The Home Depot U.S.A., Inc. d/b/a, a/k/a, t/a The Home Depot, ("Home Depot") 1651 S. Christopher Columbus Boulevard, Philadelphia, PA 19148 is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and/or is registered to do business in the Commonwealth of Pennsylvania and/or has a registered agent for service in the Commonwealth of Pennsylvania.  Further, Home Depot regularly conducts business in Pennsylvania and in the City and County of Philadelphia, for example in its stores and/or distribution centers in Philadelphia, including but not limited to 1651 S. Christopher Columbus Boulevard, Philadelphia, PA 19148, 2200 W Oregon Ave, Philadelphia, PA 19145, and 2539 Castor Ave, Philadelphia, PA 19134.

5.      Defendant, Lowe's Companies, Inc., d/b/a, a/k/a, t/a Lowe's Home Centers, LLC, d/b/a, a/k/a, t/a Lowe's Home Centers, Inc., a/k/a, t/a Lowe's Home Improvement ("Lowe's"), 1500 N. 50th St., Philadelphia, PA 19131, is, upon information and belief, a corporation organized and existing under the laws of the State of North Carolina and/or is registered to do business in the Commonwealth of Pennsylvania and/or has a registered agent for service in the Commonwealth of Pennsylvania. Further, Lowe's regularly conducts business in Pennsylvania and specifically in the City and County of Philadelphia, for example in its stores and/or distribution centers in Philadelphia, including but not limited to 1500 N. 50th St., Philadelphia, PA 19131, 2106 S Christopher Columbus Boulevard, Philadelphia, PA 19148, 3800 Aramingo Avenue, Philadelphia, PA 19137, and 9701 Roosevelt Blvd, Philadelphia, PA 19114.

6.      Prior to October 28, 2019, New Werner Holding and/or Werner designed, manufactured, assembled, and/or distributed the subject ladder, a 32-foot aluminum extension ladder ("Ladder").

7.      New Werner Holding and/or Werner sold the Ladder to Home Depot. The transaction between New Werner Holding and/or Werner and Home Depot took place in Pennsylvania.

8.      In the alternative, New Werner Holding and/or Werner sold the Ladder to Lowe's. The transaction between New Werner Holding and/or Werner and Lowe's took place in Pennsylvania.

9.      Prior to October 28, 2019, Home Depot sold the subject Ladder to Plaintiff in Pennsylvania.

10.     Alternatively, prior to October 28, 2019, Lowe's sold the subject Ladder to Plaintiff in Pennsylvania.

11.     On or about October 28, 2019, Plaintiff ascended the subject Ladder to reach a roof at a job site.

12.     While the Ladder was extended and leaning against the roof, Plaintiff began to descend back down the Ladder at which point the top portion of the Ladder slid down, retracted, and/or telescoped.

13.     As a result of the sliding/retracting/telescoping, Plaintiff fell to the ground, suffering serious injuries, as more fully set forth below.

14.     The accident was caused by the negligence of the Defendants and each of them, and Plaintiff brings this action to recover against them jointly and severally.

## COUNT I – NEGLIGENCE

### Wilben Gonzalez v. All Defendants

15.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

16.     The incident and resulting injuries were caused by the negligence of Defendants, acting by and through their agents, servants, workmen and employees.

17.     Such negligence and carelessness consisted of the following:

(a)     failing to design and/or utilize proper designs or procedures for the manufacture, assembly, and sale of the Ladder;

(b)     designing or utilizing defective designs and/or procedures for the manufacture, assembly, and sale of the Ladder;

(c)     designing, manufacturing, assembling, and/or selling, the Ladder and/or its component parts which they knew or should have known, was in a defective condition;

(d)     ignoring evidence and facts about the dangers of the Ladder when used in a reasonably foreseeable manner;

(e)     allowing the Ladder to be sold in a defective condition;

(f)     failing to properly equip the Ladder with appropriate safety devices to permit it to be used safely;

(g)     failing to offer devices or products so as to make the Ladder safe for use;

(h)     failing to investigate the dangers associated with the Ladder and its use;

(i)     failing to adequately inform or warn purchasers or ultimate users of the Ladder as to the proper procedures for maintaining the ladder;

(j)     failing to adequately inform or warn purchasers or ultimate users of the Ladder as to the proper procedures for inspecting, maintaining, repairing, and operating the Ladder;

(k)     failing to warn the user of the Ladder of its inherent design defects;

(l)     failing to warn about the hazards and dangers associated with the Ladder;

(m)     failing to properly manufacture the Ladder;

(n)     placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation;

(o)     placing its product in the stream of commerce when they knew the product as designed posed a risk that outweighed the utility of the product;

(p)     failing to inspect the Ladder prior to sale, rental or lease;

(q)     failing to properly manufacture, design and/or sell the Ladder with appropriate safety features;

(r)     failing to discover the Ladder's defective condition and/or design;

(s)     utilizing defective materials and componentry in the design and manufacture of the Ladder;

(t)     designing, manufacturing, and selling a Ladder that malfunctioned;

(u)     failing to properly test the component parts of the Ladder after its manufacture and prior to sale;

(v)     failing to adhere to sound engineering principles consistent with all data available regarding the parameters of intended use and expected environment in the design, testing and manufacture of the Ladder;

(w)     failing to display on the Ladder in a clearly visible, accessible area and in a durable manner all warnings, cautions, or restrictions for safe operation and maintenance necessary for safe operation of the Ladder, in compliance with local, state and federal standards;

(x)     failing to design, manufacture, and sell the Ladder with all devices reasonable and necessary for the safe operation of the ladder during regular, intended use;

(y)     failing to design, manufacture and sell locking support devices of the Ladder which provided interference with the operation of the ladder, thereby preventing the Ladder to be placed in a fully locked position when it was extended;

(z)     failing to design, manufacture and sell locking support devices to prevent a false lock of the Ladder when it was extended;

(aa)    failing to design, manufacture and sell locking support devices to prevent a failure of the locking mechanism thereby causing the Ladder to slide/slip, retract, and/or telescope while being used; and

(bb)    failing to recall the Ladder and all other similar ladders despite becoming aware of numerous incidents and injuries when the extension ladders slipped/retracted/telescoped prior to and subsequent to 2019.

18.    The injuries and damage to Plaintiff, Wilben Gonzalez, was caused by the negligence of the agents, employees, and/or servants of Defendants.

19.    Solely as a result of the negligence of the Defendants, Plaintiff was caused to suffer various physical injuries, including, but not limited to, contusions of the head and lumbar and thoracic spine, concussion and post-concussion syndrome, post-traumatic headaches, left comminuted displaced fracture of lateral malleolus and intra-articular fracture of posterior Malleolus with mild impaction and displacement, left distal fibular and tibial fractures requiring open reduction internal fixation of the distal fibula with a side plate and screws, right hand laceration requiring stitches, strain of the muscles and tendons of the left and right rotator cuff, scarring, disfigurement, and injuries to the nerves and nervous system.

20.    As a direct result of the aforesaid incident, Plaintiff suffered severe shock to his nervous system, great physical pain and mental anguish, all of which may continue for an indefinite period of time in the future. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

21.    As a direct result of the aforesaid incident, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from doing so in the near future, as his injuries are permanent in nature.

22.    As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

23.     As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

24.     As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

25.     As a result of his injuries, plaintiff has incurred and will in the future incur unreimbursed wage losses.

26.     As a result of his injuries, plaintiff has been forced to expend and may in the future be forced to expend medical expenses.

WHEREFORE, Plaintiff, Wilben Gonzalez, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT II – PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(A), AND PENNSYLVANIA INTERPRETIVE COMMON LAW

### Wilben Gonzalez v. All Defendants

27.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

28.     The injuries and damages suffered by Plaintiff were directly and proximately caused by the defective condition of the Ladder, either by virtue of its defective design, defective manufacture, or Defendants' failure to adequately warn of the dangers of the product, for which defendants are strictly liable to plaintiff.

29.     The defective Ladder involved in the accident described above was defective for its foreseeable use and purpose.

30.     The product failed to function safely under a risk/utility analysis.

Case ID: 201201792

31.     The product was defective in that it did not meet the consumer expectations for safe and proper use.

32.     The injuries and damages suffered by Plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective Ladder involved in the accident, which risks could have been eliminated without in any way diminishing the usefulness or utility of the product.

33.     The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of Defendants placing the product in the stream of commerce when they knew as designed it posed a risk that outweighed the utility of the product, and placing the product in the stream of commerce when they knew it would not operate within the consumer's expectation.

WHEREFORE, Plaintiff, Wilben Gonzalez, demands judgment against Defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT III – BREACH OF WARRANTY

### Wilben Gonzalez v. All Defendants

34.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

35.     At the time that they sold the defective Ladder and/or its component parts, Defendants were in the business of manufacturing and marketing the Ladder and/or its component parts and were, with respect to this Ladder and/or its component parts, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

36.    The injuries and damages sustained by Plaintiff, Wilben Gonzalez, were caused by a breach of the implied warranty of merchantability extended to Plaintiff by Defendants in connection with its sale of the defective Ladder and/or its component parts.

37.    Defendants impliedly warranted that the Ladder gate was of merchantable quality and was fit for the purpose and use for which it was intended.

38.    Plaintiff relied on the manufactured implied warranty of merchantability and fitness when purchasing said product.

39.    By reason of the aforementioned defective condition the Ladder was not of merchantable quality and was not fit for its intended use.

40.    Defendants breached the implied warranty of fitness and/or merchantability with respect to the Ladder by designing, manufacturing and selling it in a condition which was unsuitable for the uses it would ordinarily and foreseeably be put.

WHEREFORE, plaintiff, Wilben Gonzalez, demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.


                                        SACCHETTA & BALDINO


Date:  December 29, 2020          By:    /s/ Gerald Baldino, Jr.
                                         GERALD B. BALDINO, JR., ESQUIRE
                                         Attorney for Plaintiff

## **VERIFICATION**

The undersigned verifies that the statements made in the foregoing Complaint are true and correct to the best of his/her knowledge, information and belief, and understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: NOV, 23, 2020

Wilben Gonzalez