IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBEN GONZALEZ | : | |
|        Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:21-cv-01549-JMG |
| | : | |
| NEW WERNER HOLDING CO., INC., *et al.*, | : | |
| | : | |
|        Defendants. | : | |

### MEMORANDUM OPINION

**GALLAGHER, J.**                                                                     September 3, 2021

In October 2019, Plaintiff Wilben Gonzalez allegedly fell from an extension ladder, when the top portion "retracted and/or telescoped," as he was climbing down, causing serious injuries. Plaintiff thereafter initiated the present negligence and products liability action against the alleged manufacturers and retailers of the ladder in the Philadelphia County Court of Common Pleas. Two of the four defendants—New Werner Holding Co., Inc. and Werner Co.—then removed the case to federal court based upon the diversity of citizenship of the parties. Presently before the Court is plaintiff's motion to remand this matter back to state court pursuant to 28 U.S.C. § 1446(b). He argues that the consent obtained from the non-removing defendants is insufficient. For the reasons set forth below, the Court finds that the requisite consent was obtained, and therefore the motion for remand is denied.

I.   DISCUSSION

Beyond satisfying the jurisdictional requirements, removal will only be proper where all defendants have consented to the filing.[1] 28 U.S.C. § 1446(b)(2)(A). That provision is the center of this dispute. The removing defendants contend that their statement that "all defendants consent to the removal of this action" in their notice of removal satisfies this requirement; the plaintiff insists that nothing less than written consent from the non-removing defendants is required. ECF Nos. 7, 12.

The Third Circuit has yet to rule on whether unanimous consent is sufficiently evidenced by an express statement from the removing defendant's attorney, and the circuit courts are split. Within the Eastern District of Pennsylvania, a majority of the cases to address the issue have taken the position that a defendant may not verify consent to removal on a co-defendant's behalf.[2] However, two recent decisions by Judge Schiller and Judge Kearney persuasively reason that one defendant may, in fact, verify consent to removal for another defendant.

In *McCreesh v. City of Philadelphia*, Judge Schiller began by describing the split in authority. No. 20-3002, 2020 WL 5017609, at *2 (E.D. Pa. Aug. 25, 2020). He explained that the Second, Seventh, and Fifth Circuits have taken the position that "a defendant may not verify consent to removal on another co-defendant's behalf." *Id.* The rationales of these courts vary— the Fifth Circuit is concerned about creating a "record" that would bind the non-removing defendants; the Seventh Circuit interprets the term "join" in the statute to mean "in writing"; and

---

[1] When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. All of the defendants in this action were properly served. ECF No. 7-4.

[2] "The most common reasons given are that such an interpretation of the removal procedures is common in the Circuit and flows logically from the Third Circuit's instruction that the 'removal statute should be strictly construed and all doubts resolved in favor of remand . . .'" *McCreesh v. City of Phila.*, No. 20-3002, 2020 WL 5017609, at *2 (E.D. Pa. Aug. 25, 2020) (quoting *A.R. v. Norris*, No. 15-1780, 2015 WL 6951872, at *2 (M.D. Pa. Nov. 10, 2015)).

the Second Circuit relies on case law that suggests written consent furthers the underlying policy of unanimity and is consistent with strictly construing the remand statute. *Id.* In contrast, the Fourth, Sixth, Eighth and Ninth Circuits have held that "removal is proper where a single defendant attests to the consent of all other defendants in its removal petition." *Id.* These courts cited to two reasons for finding that the statutory unanimity requirement was not violated when the removing defendants "vouch for their co-defendants' consent." *Id.* The first reason is the possibility of Rule 11 sanctions, and the second is "the ability of non-consenting co-defendants to object to removal." *Id.* Furthermore, the Eighth Circuit found that "Congress was likely ambivalent about the form that consent must take, given that § 1446 is silent on the matter, yet specifies other elements of the removal procedure in detail." *Id.*

Having considered these different approaches, Judge Schiller was ultimately persuaded that "a single notice of removal stating that all defendants consent is sufficient to notify the court of unanimity, which in turn makes it sufficient under § 1446(b)(2)(A)." *Id.* In particular, he found that nothing in the statutory text "suggests individualized written consent is necessary for removal or speaks at all to the form consent must take." *Id.* Nor was he willing to interpret the statute to mean that "only individualized written consent" sufficed. *Id.* For support, he pointed out that "consent," in the federal jurisdiction context, does "not naturally denote only express written consent." *Id.* Moreover, he noted that Congress is "clearly capable of specifying the form consent must take when that form is important," and agreed with the Eighth Circuit that the relevant statute details other procedures for removal and therefore could have "defined with equal specificity the form of or time for consent but chose not to do so." *Id.* at *3. Following *McCreesh*, Judge Kearney adopted Judge Schiller's interpretation of the statutory language in *Avicolli v. BJ's Wholesale Club*, and similarly concluded that "[a]bsent controlling law to the

3

contrary, a co-defendant need not consent to a removal in a separate filing." No. 21-1119, 2021 WL 1088249, at *6 (E.D. Pa. Mar. 22, 2021).[3]

This Court agrees that a statement from the removing defendant that the other defendants consent to removal is sufficient evidence of unanimity for purposes of removal. As Judge Schiller noted, the relevant statutory language does not express the precise form that the consent to removal must take, and Congress could have specified it but opted not to. And any concern about defendants wrongly representing that a co-defendant consents is alleviated by the threat of Rule 11 sanctions and the ability of the nonconsenting co-defendant to object. As such, the Court finds that the statement by the removing defendants in this case was sufficient evidence that all the defendants consented to the removal.[4]

## II.    CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is denied. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] The plaintiff's attempts to distinguish the opinions of Judge Schiller and Judge Kearney are unconvincing. First, the fact that *McCreesh* was a federal question case and this is a diversity case does not meaningfully impact the reasoning of the decision. Plaintiff suggests that written consent from each non-removing defendant is needed to confirm that the parties are diverse. *See* ECF No. 14. However, as discussed elsewhere in the opinion, the statute does not require written consent from each defendant, and the non-removing co-defendants have ability to object if the removing defendant incorrectly asserted diversity jurisdiction. In addition, that concern is lessened here, as all defendants share the same counsel and the non-removing defendants have averred, under oath, to their citizenship in their respective answers. Second, the fact that the court in *Avicolli* separately found that two other defendants had not been properly served and therefore need not consent does not change the court's adoption of Judge Schiller's reasoning in finding that the statement that another non-removing defendant consented to removal was sufficient.

[4] Requiring written consent from all defendants is a tactic that courts use to ensure all attorneys and parties are on the same page. However, where, such as here, the removing defendants indicate that their co-defendants consent to removal and they are all represented by the same counsel, there is less of a concern that removing defendants are misrepresenting the position of co-defendants.